644 A.2d 489

**In the Matter of the Reinstatement to the Bar of Leonard S. BLONDES.**

**Misc. (Subtitle BV) No. 27, Sept. Term, 1987.**

Court of Appeals of Maryland.

July 15, 1994.

Steven M. Schneebaum, Washington, DC, for petitioner.

Melvin Hirshman, Bar Counsel, Annapolis, for the Attorney Grievance Com'n of Maryland, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

*ORDER*

On April 3, 1978, the Court suspended the Petitioner, Leonard S. Blondes, from the practice of law, and on January 31, 1979 the Court disbarred the Petitioner. He petitioned for

reinstatement on December 15, 1987, and the Court referred that petition to Bar Counsel for investigation on December 29, 1987. Thereafter, an Inquiry Panel hearing scheduled for September 29, 1988 was postponed by agreement for various reasons, primarily having to do with civil litigation in which the Petitioner was involved.

In 1992 the petition was reactivated at Petitioner's request, and the investigation was updated. An Inquiry Panel hearing was held on March 11, 1993. The panel reported on August 19, 1993 and recommended against reinstatement. On November 26, 1993, the Review Board of the Attorney Grievance Commission submitted a report in which the Review Board voted against reinstatement.

The Court has carefully considered the report and recommendation of the Attorney Grievance Commission, including the reports of the Inquiry Panel and Review Board as well as the written and oral arguments of the Petitioner. The Court has carefully considered the facts underlying the criminal prosecution of the Petitioner, as reported in appellate opinions and in the appellate briefs, and compared those facts to the Petitioner's testimony before the Inquiry Panel. The Court has considered the Petitioner's satisfactory completion, after oral argument in this case, of a course in Professional Responsibility and Ethics at the National Law Center.

The Court has also evaluated the essential factors to be considered in any reinstatement proceeding, which are: (1) the nature and circumstances of the Petitioner's original misconduct; (2) the Petitioner's subsequent conduct and reformation; (3) the Petitioner's present character; and (4) the Petitioner's present qualifications and competence to practice. *In re Braverman,* 271 Md. 196, 199–200, 316 A.2d 246, 247 (1974); *Matter of Murray,* 316 Md. 303, 305, 558 A.2d 710, 711 (1989). Upon our independent review of these factors, the Court, a majority of the judges concurring, is satisfied, contrary to the recommendations of the Inquiry Panel and Review Board, that Petitioner has made a clear and convincing showing of rehabilitation, borne out by his conduct over a long period of time,

**458**

and of basic legal competence. *See Matter of Murray,* 316 Md. at 305, 558 A.2d at 711.

NOW, THEREFORE, it is this 15th day of July, 1994,

ORDERED, by the Court of Appeals of Maryland, a majority of the judges concurring, that the petition for reinstatement be, and it is hereby, granted and the Petitioner, Leonard S. Blondes, upon payment of any unpaid outstanding costs and upon taking in open court and subscribing to the oath of attorneys required by Md.Code (1989), § 10–212 of the Business Occupations and Professions Article, is reinstated as a member of the Bar of Maryland under the following condition:

Pursuant to Rule 11 of the Rules Governing Admission to the Bar of Maryland, the Petitioner shall satisfactorily complete the course on professionalism given by the Maryland State Bar Association.